UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ANTHONY TORRES D.O., Individually, and on behalf of all other similarly situated consumers, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| EQUIFAX INFORMATION SOLUTIONS, LLC. | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

**I.     PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant Equifax Information Services, LLC's widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA").

2. Defendant violates the important protections in the FCRA by improperly associating innocent consumers with terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals subject to U.S. government sanctions.

3. Defendant's conduct deprives consumers of their rights under federal and state law and results in widespread harm.

**II.     JURISDICTION & VENUE**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331, 1332.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

1

### III.   PARTIES

6.   Plaintiff Dr. Anthony C. Torres D.O. is an individual who resides in York, Pennsylvania.

7.   Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a consumer reporting agency that regularly conducts business in the State of Pennsylvania, and which has a principal place of business located in Atlanta, Georgia.

### IV.   FACTUAL ALLEGATIONS

**A.   The United States Treasury Department's Office of Foreign Assets Control and Its List of Specially Designated Nationals and Blocked Persons**

8.   The United States Treasury Department's Office of Foreign Assets Control ("OFAC") "administers and enforces economic trade sanctions based on U.S. foreign policy and national security goals against threats to national security, foreign policy or economy of the United States." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014) (citation omitted).[1]

9.   OFAC directs those sanctions at, among others, terrorists, international narcotics traffickers, and persons involved in the proliferation of weapons of mass destruction, and publishes a list of those "Specially Designated Nationals" ("SDNs") and "Blocked Persons" on its website (the "OFAC List").[2]

10.   Persons on the OFAC List are legally ineligible for credit in the United States, may not be employed, and may even be subject to deportation or criminal prosecution.

11.   The full OFAC List as maintained by the Treasury Department is publicly available information, and whether a person is on the OFAC List is a matter of public record.

---

[1]   *See also*, U.S. DEP'T OF THE TREASURY, *OFAC FAQs: General Questions*, https://home.treasury.gov/policy-issues/financial-sanctions/faqs/topic/1501 (last visited Nov. 2, 2021).
[2]   UNITED STATES TREASURY DEP'T, *Specially Designated Nationals and Blocked Persons List*, https://www.treasury.gov/ofac/downloads/sdnlist.pdf (last visited Nov. 2, 2021).

12. Persons in the United States are generally prohibited from doing business with, including extending credit to, individuals on the OFAC List. Noncompliance carries potential civil and criminal penalties. *See* 31 C.F.R. § 501 App. A, II.

**B.    The Inclusion of OFAC Information On Consumer Reports Is Regulated By Federal Law**

13. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

14. The FCRA requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report related." 15 U.S.C. § 1681e(b).

15. The maximum possible accuracy standard "requires more than merely allowing for the *possibility* of accuracy," meaning that CRAs do meet that standard by suggesting that certain consumers as "possible" matches for individuals on the OFAC List. *Ramirez v. Trans Union, LLC*, No.12-cv-00632-JSC, 2017 WL 1133161, at *5 (N.D. Cal. Mar. 27, 2017) (quoting *Cortez*, 617 F.3d at 709) (emphasis added).

16. In 2010 in *Cortez*, the U.S. Court of Appeals for the Third Circuit found that OFAC information is subject to the maximum possible accuracy standard, and that a CRA acted "reprehensibly" and was in willful violation of FCRA section 1681e(b) by using only first and last name to associate consumers with criminals on the OFAC list. 617 F.3d at 707-08, 723.

17. Later, a court in the Northern District of California certified the FCRA section 1681e(b) claims of a class of 8,192 individuals who a CRA inaccurately associated with the OFAC list. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014). A jury found that the

CRA's matching procedures willfully violated the FCRA. *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632-JSC, 2017 WL 5153280, at *2-3 (N.D. Cal. Nov. 7, 2017) (upholding jury's verdict).

18. The U.S. Supreme Court found that consumers about whom a CRA sells an OFAC hit to a third party have suffered a harm with a close relationship to the harm of defamation, and expressed no reservation or concern about an award of nearly $5,000 in statutory and punitive damages to each individual in the *Ramirez* class for whom third-party publication was proved. *TransUnion, LLC v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190 (2021)).

19. Moreover, CRAs may not shift their duty to assure accuracy onto the users of the information that they sell. *Ramirez*, 2017 WL 1133161, at *4 (*citing* Cortez, 617 F.3d at 708).

**C.     Defendant's Sale of OFAC Records**

22. Defendant is one of the "Big Three" consumer reporting agencies in the United States.

23. Defendant is regulated by the FCRA.

24. Equifax is well aware of implications of noncompliance with federal regulations pertaining to doing business with individuals on the OFAC list, and markets itself as a reliable source of information with respect to compliance with OFAC sanctions.[3]

25. Equifax offers a product called the "OFAC Alert" which includes OFAC information on the consumer reports Equifax compiles and sells.

26. Despite the guidance of the Third Circuit in *Cortez*, Equifax's "OFAC Alert" includes OFAC information on consumer reports using only first and last name as a matter of standardized practice.

---

[3] *See* https://www.equifax.com/business/product/ofac-alert/ (last visited Nov. 2, 2021).

27. Equifax fails to follow reasonable procedures to assure the maximum possible accuracy of the OFAC information it sells about consumers, regularly making inaccurate associations between innocent people with criminals on the OFAC list.

28. Equifax's practices for including references to OFAC information on the consumer reports it sells are uniform and not unique to each consumer or transaction.

29. Equifax fails to use all of the available information about consumers to determine whether to associate them with a criminal on the OFAC list, and does not use the available information to rule out clear mismatches.

30. Equifax does this because it wants to provide some OFAC-related information to its customers (accurate or not), in order to maximize its profits and advertise that its products "work."

31. Equifax thus intentionally employs procedures that maximize the likelihood of a match between a data on the OFAC list and consumers, compromising accuracy.

32. Defendant's reporting of OFAC alert information is not accidental, but instead a result of deliberately designed policies and procedures.

33. At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

D. **The Experience of Plaintiff Dr. Torres**

34. In April of 2020, Plaintiff sought credit from BB&T Bank.

35. During the course of BB&T running Plaintiff's credit report, Equifax was provided with Plaintiff's full name, data of birth, address, and social security number.

36. In response, Equifax provided BB&T with a credit report about Plaintiff indicating that Plaintiff was listed on the OFAC list.

37. Plaintiff is not on the OFAC list or any other government watch list, and his name does not match any name on the OFAC SDN list.

38. Despite having been provided with Plaintiff's full name, address, social security number, and date of birth, Equifax used a loose name-only match to determine whether to include the OFAC information on the consumer report.

39. As a result of Equifax's inaccurate reporting of an OFAC record to BB&T, Plaintiff was denied credit and sustained other damages including harm to his reputation.

## V.  CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of the following Class:

> All natural persons residing in the United States and its Territories about whom Equifax sold a consumer report to a third party that included any OFAC record, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

41. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

42. **Numerosity.** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

43. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1)

whether Equifax maintains reasonable procedures to assure maximum possible accuracy of the OFAC information on its consumer reports; and (2) whether Equifax acted willfully or negligently.

44. **Typicality.** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

45. **Adequacy**. Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

46. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI. CAUSES OF ACTION

### COUNT I
### (CLASS CLAIM)
### 15 U.S.C. § 1681e(b)

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

48. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

On Count I:

1. An order certifying the case as a class action on behalf of the proposed Class and appointing Plaintiff and the undersigned counsel of record to represent same;

2. An order entering judgment in favor of Plaintiff and the Class and against Defendant for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

3. An order entering judgment in favor of Plaintiff and the Class and against Defendant for actual damages pursuant to 15 U.S.C. § 1681o;

4. An order granting costs and reasonable attorneys' fees;

5. An award of pre-judgment and post-judgment interest as provided by law; and

6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: December 7, 2021.   By: /s/ *James A. Francis*
**FRANCIS MAILMAN SOUMILAS, P.C.**

JAMES A. FRANCIS
JOHN SOUMILAS (*pro hac vice* forthcoming)
LAUREN KW BRENNAN (*pro hac vice* forthcoming)
1600 Market Street, 25th Floor
Philadelphia, PA 19103
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
E: lbrennan@consumerlawfirm.com

Nicholas Linker (*pro hac vice* forthcoming)
**ZEMEL LAW, LLC**
660 Broadway
Paterson, New Jersey 07514
T: (862) 227-3106
F: (973) 282-8603
nl@zemellawllc.com

*Attorneys for Plaintiff*